UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:20-CV-00962-AGF |
| EASON CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment against Eason Construction, LLC. Plaintiffs are the union and trustees of various employee benefits plans. Plaintiffs filed this action to recover delinquent contributions, union dues, and liquidated damages owed to them under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 185 and 1132. Plaintiffs also seek to recover attorney fees, accounting fees, and costs incurred in this action. Clerk's default was entered against Defendant on September 28, 2020. Doc. 7.

Plaintiffs have established that Defendant is party to a collective bargaining agreement between Laborers Local Unions 42-110 and the Site Improvement Association. The agreement requires Defendant to submit contributions to the Plaintiff Benefit Funds and supplemental union dues to the Plaintiff Local Unions 42-110, and it provides for the assessment of liquidated damages and interest on payments not timely made. The agreement also authorizes Plaintiffs to examine the financial records of

Defendant to ascertain whether the required contributions were made.

Defendant's failure to cooperate in a payroll audit necessitated an Order to Compel and contempt proceedings.  Docs.  8-23.  The evidence establishes that Defendant failed to timely pay its contributions for the months of August through October 2020 and May and June 2021.  Based on the untimely payments, Defendant owes Plaintiffs $4,631.07 in liquidated damages and $453.88 in interest through March 18, 2022.  Defendant additionally owes Plaintiffs a total of $1,743.15 for work performed by an employee who provided paycheck stubs showing covered work performed in October 2020 for which no contributions were made.

A payroll examination of Defendant's financial records covering the period of April 2019 through November 2020 revealed that Defendant owes Plaintiffs a total of $13,869.02 in contributions; $2,773.80 in liquidated damages; $352.79 in interest; and $1,165.22 in supplemental dues.

Additionally, the collective bargaining agreements and ERISA, 29 U.S.C. § 1132(g)(2), require Defendant to pay Plaintiffs' attorney fees, accounting fees, and costs.  Plaintiffs incurred $3,542 in payroll examination fees, $5,213 in attorney fees, and $859.42 in court costs.  Doc. 25, Ex. 7 and 9.  Based on the evidence presented, the Court finds that the services performed by Plaintiffs' accountants and attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorney fees is reasonable.

The total amount owed by Defendant to Plaintiffs for the time periods above is $34,603.91.  Defendant has not responded to Plaintiffs' present motion, and the time to

do so has passed.

"Where default has been entered, the allegations of the complaint, except as to the amount of damages, are taken as true." *Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Hard Rock Foundations, LLC*, No. 4:13CV01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted). "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (internal quotation omitted).  A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent of the delinquency, interest, attorneys' fees, and costs.  *See* 29 U.S.C. § 1132(g)(2)(E).  Damages must be proven by a preponderance of the evidence.  *See Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11CV02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

Upon review of the record, the Court finds that Plaintiffs have provided sufficient evidence to support their motion.  Doc. 25, Exhibits 1-9.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. Doc. 24. A judgment against Defendant in the amount of $34,603.91 shall accompany this Memorandum and Order.

          *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May 2022

4